IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

**CLEAN EARTH OF MARYLAND, INC.,**
a Maryland Corporation

      **Plaintiff,**

v.                                                                 **Civil Action No. 2:10-cv-119**
                                                                                     **(JUDGE BAILEY)**

**TOTAL SAFETY, INC.,**
an Ohio Corporation, et al.

      **Defendants.**

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO COMPEL**

                I.        INTRODUCTION

A.    Background

Clean Earth of Maryland, Inc. ("Plaintiff") filed this action against Total Safety, Inc., et al. ("Defendants")[1] on August 25, 2010, in the Circuit Court of Pendleton County, West Virginia, alleging strict liability in tort, negligence, negligence per se, fraud, fraudulent concealment and negligent misrepresentation.[2] On April 6, 2010, a final Award of Arbitration was entered as a judgment in the Court of Common Pleas in Lawrence County, Ohio. Plaintiff now seeks a declaratory judgment based on that award, alleging that Total Safety's liability insurer, Westchester Surplus Lines Insurance Company is liable under the policy to satisfy the

---

[1]The initial complaint named other defendants who were later dismissed. See Dkt. No. 13 (certified state court record including initial complaint).

[2]Dkt. No. 13.

arbitration award against Total Safety. The parties engaged in discovery and certain discovery disputes arose.

B.  The Motion

    1.  Plaintiff's Motion to Compel.[3]

C.  Decisions

    1.  Defendant must respond to Requests for Admission Numbers 23, 24 and 40 because they are not impermissible hypotheticals.

    2.  Defendant must respond via formal pleading to Request for Admission Number 39.

    3.  Defendant must respond to Requests for Admission Numbers 36 and 37 because even without a definition of "processing" the requests are sufficiently clear to warrant a response.

    4.  Defendant must respond to Interrogatories Numbers 4, 5, 6, and 9 because they are relevant to the interpretation and application of the disputed policy language.

    5.  Defendant must respond to Interrogatories Numbers 10, 11, 12, 13, and 14 because they are not impermissible contention interrogatories.

    6.  Defendant must produce the documents requested in Request for Production of Documents Numbers 8, 9, 10, 11 and 19 because they are relevant to the interpretation and application of the disputed policy language.

    7.  Defendant must produce the documents requested in Request for Production of Documents Numbers 17 and 18 because they are relevant to the interpretation and application of the disputed policy language.

    8.  Defendant must send documents withheld under claim of attorney-client privilege to this Court for *in camera* review, pursuant to agreement of the parties.

## II.  FACTS

Clean Earth of Maryland, Inc. ("Plaintiff") filed an action against Total Safety, Inc., et al. on August 25, 2010, in the Circuit Court of Pendleton County, West Virginia, alleging strict

---

[3]Dkt. No. 65.

liability in tort, negligence, negligence per se, fraud, fraudulent concealment and negligent misrepresentation. On October 8, 2009, a final Award of Arbitration was entered granting Plaintiff a total award of $571, 385.58, and on April 6, 2010, the final Award of Arbitration was entered as a judgment in the Court of Common Pleas in Lawrence County, Ohio. Plaintiff now seeks a declaratory judgment based on that award, alleging that Defendant Total Safety's liability insurer, Westchester Surplus Lines Insurance Company ("Westchester") is liable under the policy to satisfy the arbitration award against Total Safety.

Certain discovery disputes arose and Plaintiff filed the instant motion to compel Defendant Westchester to provide full, complete, and non-evasive responses to Plaintiff's First Set of Written Discovery Requests to Defendant Westchester Surplus Lines Insurance Company, served on May 11, 2011.[4] On September 20, 2011, Westchester Surplus Lines Insurance Company filed its Memorandum in Opposition to Plaintiff's Motion to Compel,[5] and on September 27, 2011, Plaintiff filed its Reply to the Memorandum in Opposition.[6] A hearing was held on the Motion on September 28, 2011, at the conclusion of which this Court advised the parties that an order would be forthcoming.[7]

### III. PLAINTIFF'S MOTION TO COMPEL

A. Contentions of the Parties

In its Motion, Plaintiff requests the Court to compel certain discovery responses from Westchester Surplus Lines Insurance Company. Plaintiff argues Defendant Westchester must answer Requests for Admissions Numbers 23, 24, and 40 because they merely call for the

---

[4] Dkt. No. 65.
[5] Dkt. No. 72.
[6] Dkt. No. 77.
[7] Dkt. No. 78.

application of law to facts. Plaintiff requests that the Court to compel responses to Requests for Admissions Numbers 36 and 37 because the requests are sufficiently clear and defined to warrant a response. Plaintiff asks this Court to compel responses to Interrogatories Numbers 4, 5, 6, and 9 because they ask for information that is relevant to the interpretation and application of the disputed policy language in this case. Plaintiff also asks for responses to Interrogatories Numbers 10, 11, 12, 13, and 14 because they request information that would be helpful in determining the validity of Westchester's denial of coverage in this case. As to requests for production of documents, Westchester asks that the documents requested in Request numbers 8, 9, 10, 11, 17, 18 and 19 be produced because the documents are relevant to the issues in this case.

     In opposition, Defendant Westchester argues that the information sought by Plaintiff is not discoverable because the requests include improper contention discovery requests that should not be responded to until the end of discovery; they include vague, overly broad and/or unduly burdensome requests; they are not calculated to lead to the discovery of admissible evidence; and they include improper hypothetical scenarios.  More specifically, Defendant Westchester contends it should not be compelled to answer Requests for Admission Numbers 23, 24, and 40 because they are impermissible hypotheticals. Westchester argues that it should not be compelled to answer Requests for Admission Numbers 36 and 37 because it does not know the meaning of the word "processing." With regard to certain unanswered interrogatories, Defendant Westchester argues it should not be compelled to answer Interrogatories Numbers 4, 5, 6, and 9 because they are overbroad and seek information regarding policies beyond the policy at issue in this case. Westchester argues it should not be compelled to answer Interrogatories Numbers 10, 11, 12, 13, and 14 because they are contention interrogatories that should be answered later in the discovery process. Regarding requests for production of documents, Defendant Westchester

4

argues that it should not be compelled to produce the documents requested in Request for Production of Documents Numbers 8, 9, 10 and 11 because this would require it to turn over parol evidence even before ambiguity has been shown. It also contends it should not be compelled to produce the documents asked for in Request Numbers 17, 18, and 19 because they are not relevant to the case at hand.

B.      Discussion

1.      **Requests for Admission**

    a.      **Requests for Admission Numbers 23, 24, and 40**

Plaintiff's Request for Admission Number 23 states:

> Admit that if Total Safety made promises to Plaintiff regarding the contents of soil to be delivered to Plaintiff's facility in Maryland, then Total Safety's job site would have been extended beyond Judy Gap, West Virginia.

Plaintiff's Request for Admission Number 24 states:

> Admit that if Total Safety made promises to Plaintiff regarding the delivery of soil to be delivered to Plaintiff's facility in Maryland, then Total Safety's job site would have extended beyond Judy Gap, West Virginia.

Plaintiff's Request for Admission Number 40 states:

> Admit that if any of the preceding three requests for admission are true, then Total Safety's job site would have extended to Plaintiff's facility in Maryland.

Defendant neither admitted nor denied the requests but instead objected on the grounds that they are vague, ambiguous, open to multiple interpretation and calls for Westchester to speculate. In addition, it claims the use of the word "if" creates an improper hypothetical.

5

Federal Rule of Civil Procedure 36 governs requests for admission.  As a general rule, "[a] party may serve upon any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: facts, the application of law to fact, or opinions about either. Fed. R. Civ. P. 36(a)(1). In addition, Federal Rule of Civil Procedure 36(a) allows a party who has served a request for admission to move the court "to determine the sufficiency of the answers or objections.  Unless the court determines that an objection is justified, it shall order that an answer be served."

As the 1970 Advisory Committee Notes to Federal Rule of Civil Procedure 36 state, the goal of requests for admission is to eliminate from trial issues as to which there is no genuine dispute. Accordingly, requests for admissions should be formulated that are simple and direct. It is therefore impermissible to pose "'improper hypothetical factual scenarios unrelated to the facts [] to ascertain answers to pure questions of law.'" Parsons v. Best Buy Stores, L.P., No. 3:09CV771, 2010 WL 2243980, at *2 (S.D. W.Va. May 19, 2010) (quoting Abbott v. United States, 177 F.R.D. 92, 93 (N.D.N.Y. 1997)). In contrast, where "requests properly seek application of law to the facts of [a] case, and none of them is a pure question of law unrelated to the facts," then such a request is valid under the discovery rules. Id. See also Tustin v. Motorists Mut. Ins. Co., No. 5:08CV111, 2009 WL 3335060 (N.D. W.Va. Oct. 14, 2009).

Here, Defendant objects to these requests because Defendant does not know what Plaintiff means by "promises" and because the inclusion of the word "if" creates an improper hypothetical. However, as counsel for Plaintiff noted at the September 28, 2011 Motion to Compel hearing, Plaintiff drafted these requests for admission on the basis of facts that have been developed through the discovery process, so the requests are related to the facts of the case, as required under the law. Hr'g Tr. 5. In addition, counsel for Defendant noted at the hearing that

6

a contract exists between the two, and a contract is but a set of legally enforceable promises, so it cannot be said that these requests for admission, and their references to "promises," have no relation to the facts of this case. Therefore, Defendant is to provide a response to Requests for Admission numbers 23, 24 and 40 within fourteen (14) days from the date of this Order.

  **b. Requests for Admission Numbers 36 and 37**

Plaintiff's Request for Admission Number 36 states: "Admit that Total Safety sent soil to Plaintiff for processing."

Plaintiff's Request for Admission Number 37 states: "Admit that Total Safety was hired, in part, to arrange the sending of soil to Plaintiff's facility for processing."

Defendant neither admitted nor denied the request but instead objected on the ground that "processing" was not defined in Plaintiff's request thereby rendering it impermissibly vague.

Under the law, "[p]arties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play." Marchand v. Mercy Medical Ctr., 22 F.3d 933, 936 (9th Cir. 1994). Courts should not permit responding parties "to undermine the efficacy of the rule by creating disingenuous, hair-splitting distinctions whose unarticulated goal is unfairly to burden an opposing party." Xeel Energy, Inc. v. United States, 237 F.R.D. 416, 421 (D. Minn. 2006). In Marchland, defendants objected to plaintiff's request for admission asserting that "the use of the phrase 'avoidable movement' is vague and undefined." Marchland, 22 F.3d at 938.

Here, Defendant objected to the requests on an equally unfounded objection to the word "processing." Defendant in this case has produced documents referencing processing functions and Plaintiff has also produced many documents making similar references to "processing." To

now claim that Defendant has no idea what the word "processing" means makes little sense. In addition, at the September 28, 2011 Motion to Compel hearing, counsel for Westchester admitted that at the time Defendant attempted to answer these requests for admission, it did not understand what "processing" meant, but now that depositions have been taken, Defendant has a better understanding of the term. Hr'g Tr. 12-13. Accordingly, Defendant is to provide a response to the Requests for Admission numbers 36 and 37 within fourteen (14) days from the date of this Order.

   c. **Request for Admission Number 39**

Plaintiff's Request for Admission Number 39 states:

> Admit that part of Total Safety's job, for which it was hired, was to arrange for the transfer and transportation of soil from Judy Gap, West Virginia, to Plaintiff's facility.

When Plaintiff filed its Motion to Compel on September 7, 2011, Plaintiff also asked this court to compel Defendant Westchester to provide a response to Request for Admission number 39. In Defendant's response to Plaintiff's Motion to Compel, Westchester stated that based on the subsequent deposition testimony of Plaintiff's 30(b)(6) witness, Westchester now had enough information to deny the request. However, Defendant still needs to respond to this request for admission in formal fashion. Therefore, Defendant is directed to respond to Request for Admission number 39 by formal pleading within fourteen (14) days from the date of this Order.

**2.** **Responses to Interrogatories**

   a. **Interrogatories 4, 5, 6, and 9**

Plaintiff's Interrogatory Number 4 asks:

> With respect to any and all contractors' pollution liability coverage policies and/or endorsements

8

>>issued by you for the past five years in the State of Ohio, please list any and all claims that you have paid.

>Plaintiff's Interrogatory Number 5 asks:

>>With respect to any policy language relied upon by you in your letter dated February 17, 2009, to Total Safety, please list any and all suits filed by or against you in the last ten years involving a dispute over that same language.

>Plaintiff's Interrogatory Number 6 asks:

>>With respect to any policy language relied upon by you in your coverage counsel's letter dates April 14, 2010, to Total Safety, please list any and all suits filed by or against you in the last ten years involving a dispute over that same language.

>Plaintiff's Interrogatory Number 9 asks:

>>List each and every individual with whom you communicated as part of any investigation into whether there should be coverage under the aforementioned policy Total Safety's claim. For each individual listed, please provide the dates of any such conversations, a detailed description as to the content of the conversation, and describe any documents that reflect said conversations.

Federal Rule of Civil Procedure 33 governs interrogatories. It states that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." All objections must be stated with specificity and any objection not raised is waived. Fed. R. Civ. P. 33(b)(4). "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection. Momah v. Albert Einstein Medical Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996)

(quoting <u>Josephs v. Harris Corp.</u>, 677 F.2d 985, 992 (3d Cir. 1982)). Motions to compel responses to interrogatories are governed by Federal Rule of Civil Procedure 37(a)(2)(B). This Rule provides that if "a party fails to answer an interrogatory submitted under Rule 33 . . . the discovering party may move for an order compelling an answer." <u>Id.</u>

In this case, Defendant has raised objections, claiming these interrogatories are irrelevant and overly burdensome. With respect to relevance, as a general rule, a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). In addition, "the discovery rules are given 'a broad and liberal treatment.'" <u>Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.</u>, 967 F.2d 980, 983 (4th Cir. 1992) (quoting <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947)). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). In keeping with this broad definition of relevance, this Court finds the interrogatories in question are designed to discover such relevant evidence. Although Defendant claims that the only issue in this case is the insurance policy signed by the parties, the requested information is relevant to Plaintiff's argument that it should not have denied coverage to Total Safety.

With respect to Defendant Westchester's undue burden argument regarding these interrogatories, the Federal Rules of Civil Procedure indicate the Court can limit a discovery request if it finds that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(iii). When a claim that responding to a request would be overly burdensome is raised, the burden is on the party who has

raised such an objection to prove that it is overly burdensome. Capital One Bank, USA v. Hess Kennedy Chartered, LLC, No. 3:08CV147, 2008 WL 4467160, at *3 (E.D.Va. Sept. 30, 2008).

In this case, the Court does not find that responding to Plaintiff's interrogatories would be overly burdensome. Plaintiff has limited its request to claims and suits involving the pollution liability coverage policies and/or endorsements, rather than requesting information about all suits or claims. In addition, Plaintiff has narrowed its requests to either the preceding five years, as with Interrogatory Number 4, or the preceding ten years, as with Interrogatories Numbers 5 and 6. In Capital One, the defendant made a similar objection to plaintiff's interrogatories that asked for all documents relating to any lawsuits the defendant had been involved in. The defendant argued that "any other action is unrelated to the pending action." Id. at *3. There, the Court found defendant's arguments to be without merit because, similarly, the requests were limited to the preceding five years, and because the defendant had "not provided any specific information on the amount of projected hours or effort it would require to obtain the information, nor any specific details on the costs involved." Id. at *4. It continued to hold that "[a]s [defendant] bears the burden of proof, and has not provided sufficient explanation, it must undertake reasonable efforts to produce the information or demonstrate, with specificity, why it would be overly burdensome and costly." Id. While noting that the current case is a declaratory judgment action, making it somewhat distinguishable, this Court still declines to find that Plaintiff's interrogatories are irrelevant or overly burdensome, and therefore orders Defendant to provide complete responses to interrogatories 4, 5, 6 and 9 within fourteen (14) days from the date of this Order.

      b.      **Interrogatories 10, 11, 12, 13 and 14**

Plaintiff's Interrogatory Number 10 asks:

11

> Please list each and every fact upon which you rely in support of any contention that Plaintiff's claims arise from Total Safety's error, omission, defect, or deficiency in any test performed or any evaluation, consultation or advice given by or on behalf of Total Safety.[8]

Plaintiff's Interrogatory Number 11 asks:

> Please list each and every fact upon which you rely in support of any contention that Plaintiff's claims arise from property damage which would not have occurred, in whole or in part, but for the actual discharge, dispersal, seepage, migration, release, or escape of pollutants.

Plaintiff's Interrogatory Number 12 asks:

> Please list each and every fact upon which you rely in support of any contention that Plaintiff's claims arise from property damage based upon or arising from any material transported beyond the boundaries of job sites where Total Safety's work was being performed.

Plaintiff's Interrogatory Number 13 asks:

> Please list each and every fact upon which you rely in support of any contention that Plaintiff's claims arise from or in any way related to the rendering or failure to render professional services by Total Safety.

Plaintiff's Interrogatory Number 14 asks:

> Please list each and every fact upon which you rely in support of any contention that Plaintiff's claims are based upon or arise from any material transported beyond the boundaries of job sites where Total Safety's work was being performed.

---

[8] Defendant's Memorandum in Opposition to Plaintiff's Motion to Compel incorrectly reproduces the text of Interrogatory Number 10. What defendant cites as the substance of Interrogatory Number 10 is really the substance of Interrogatory Number 11, cited twice in Defendant's pleading. Def's Memo. in Opp. 11.

12

Defendant claims that these are improper contention interrogatories that it should not be compelled to answer until the end of the discovery phase, and also that it has supplied the information requested in documents previously produced. As to Defendant's argument that these are improper contention _, contention interrogatories have been defined as interrogatories that request a litigant "to state what it contends; to state whether it makes a specified contention; to state all facts upon which it bases a contention; to take a position, and explain or defend that position ... or to state the legal or theoretical basis for a contention." B. Braun Med. Inc. v. Abbott Lab., 155 F.R.D. 525, 527 (E.D. Pa.1994); see also Fischer & Porter Co. v. Tolson, 143 F.R.D. 93, 96 (E.D. Pa.1992) (defining contention interrogatories in a nearly identical form). Contention interrogatories are "a beneficial means of discovery in that they 'can help pin down an opponent's legal theories in a case as well as the primary facts supporting them.'" Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc., 246 F.R.D. 522, 529 (S.D. W.Va. 2007)(quoting Jayne H. Lee, Inc., v. Flagstaff Indus. Corp., 173 F.R.D. 651, 652 (D. Md. 1997)). Even, assuming arguendo, contention interrogatories are best used at the end of the discovery phase, discovery in this case is set to close on November 15, 2011, so the end of discovery is already near. As such, Defendant must provide an answer.

As to Defendant's argument that Plaintiff can find the answers to these interrogatories in the documents it has already provided, "[t]he fact that the information sought is already known to the interrogator is not a valid ground for objection to the interrogatories… [and the] fact that the information sought is equally available to the interrogator… does not render the interrogatories objectionable." Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 245 (N.D. W.Va.1970) (citing 2A Barron & Holtzoff, Federal Practice and Procedure § 766 (1961)). The fact that duplication of data would result from requiring answers to interrogatories propounded on the

13

same facts found in documents produced does not require that an objection to the interrogatories be sustained. Apco Oil Corp. v. Certified Transp., Inc., 46 F.R.D. 428, 431 (W.D. Mo. 1969). In addition, the Court notes that counsel had an obligation to attempt to resolve this dispute before filing the motion to compel, so if all the information has already been provided to Plaintiff as Defendant claims, this Motion to Compel would not have been necessary. Therefore, it is likely that not all the requested information has been provided in the documents already produced. Accordingly, Defendant is ordered to provide complete responses to interrogatories 10, 11, 12, 13 and 14 within fourteen (14) days from the date of this Order.

**3.     Requests for Production of Documents**

   **a.     Requests for Production of Documents 8, 9, 10, 11 and 19**

   Request for Production of Documents Number 8 asks:

   > Please separately produce in response to this specific request for production a copy of any and all communications in your possession and/or control between you and Total Safety that pre-dates the purchase and/or renewal of the policy which is the subject matter of this litigation.

   Request for Production of Documents Number 9 asks:

   > Please separately produce in response to this specific request for production a copy of any and all communications in your possession and/or control between you and Total Safety that pre-date the purchase of Total Safety's aforementioned insurance policy and discusses, in any way, the exclusions upon which you rely in this litigation.

   Request for Production of Documents Number 10 asks:

   > Please separately produce in response to this specific request for production a copy of any and all underwriting files and/or documents in your possession and/or control relative to the subject

>policy, including but not limited to any and all underwriting files and/or documents created prior to issuance of the subject policy, at the time of issuance of the subject policy, and upon any renewals of the subject policy.

Request for Production of Documents Number 11 asks:

>Please separately produce in response to this specific request for production a copy of any and all marketing brochures and/or materials in your possession and/or control used in the marketing of the subject policy and/or any of its separate endorsements in use at the time of the issuance of the subject policy and/or in use after the time of issuance of the subject policy, but prior to the date Total Safety tendered Plaintiff's claim to you for defense and/or indemnification.

Request for Production of Documents Number 19 asks:

>Please separately produce in response to this specific request for production a copy of any and all underwriting criteria used by you in the past five years and in your possession and/or control regarding the subject policy, including but not limited to the Contractors' Pollution Liability endorsement and the Professional Liability endorsement.

These requests seek the production of marketing and underwriting materials which Plaintiff believes are relevant to the scope of the risk undertaken by defendant Westchester when it issued its contractors' pollution liability policy. Defendant argues that this is a declaratory judgment action, with no bad faith claim involved, so these documents are irrelevant. Many courts have already addressed the issue of the discoverability of underwriting files, and the general consensus is that they are discoverable. See, e.g., Dish Network Corp. v. Arch Specialty Ins. Co., No. 09CV447, 2009 WL 3837887, at *4 (D. Colo. Nov. 12, 2009) ("each named Defendant is ordered to produce…the underwriting file…"); Wrangen v. Pennsylvania

15

Lumbermans Mut. Ins. Co., No. 07-61879, 2008 WL 5545259, at * 5 (S.D. Fla. Dec. 22, 2008) ("Defendant is to provide…a copy of the underwriting file."). Even though Defendant argues that this case is distinguishable because it is a declaratory judgment action, the Defendant in Olin Corp. v. Continental Cas. Co. raised similar objections and was denied. No. 2:10CV623, 2011 WL 3847140 (D. Nev. Aug. 30, 2011). In that case, when the plaintiff asked for the underwriting file, the insurers asserted the information was outside the scope of the plaintiff's declaratory judgment claim. Id. at *3. There the court ruled that, as here, where a defense has been asserted that the claim falls outside the policy's coverage, the defendant's argument must fail because the information is relevant to whether the incident is covered. Id.  Finally, with respect to Defendant's argument that the underwriting claims are not relevant because courts cannot go beyond the four corners of the insurance contract in construing its meaning, at least when the issue of ambiguity has not been determined, this Court does not find Defendant's argument persuasive. Where a court "cannot decide on the current record that the Policy is wholly unambiguous, it will not refuse discovery that may tend to lead to admissible evidence regarding the meaning of the policy." Cummins, Inc. v. Ace Am. Ins. Co., No. 1:09CV738, 2011 WL 130158, at *6 (S.D. Ill. Jan. 14, 2011). Here, Plaintiff has offered evidence of ambiguity at least with respect to the meaning of the words "job site," so the Court cannot conclude these documents are irrelevant. Thus, Defendant is ordered to provide complete responses to requests 8, 9, 10, 11 and 19 within fourteen (14) days from the date of this Order.

      **b.**      **Requests for Production of Documents 17 and 18**

Request for Production of Documents Number 17 asks:

> Please separately produce in response to this specific request for production a copy of any and all judicial decisions and/or rulings in the past ten years

> in your possession and/or control involving any of
> your exclusionary language upon which you reply
> in this litigation.

Request for Production of Documents Number 18 asks:

> Please separately produce in response to this
> specific request for production a copy of any and all
> internal memoranda and/or reports issued in the past
> five years and in your possession and/or control
> involving any of your exclusionary language upon
> which you rely in this litigation.

Defendant again argues that this is only a declaratory judgment action so that these documents are irrelevant. As discussed above with respect to the other disputed Requests for Production of Documents, these documents could be relevant to the meaning of the policy, and, because the Court is not able determine whether ambiguity exists, they should be produced. Cummins, 2011 WL 130158, at * 6. Accordingly, Defendant is ordered to provide complete responses to requests 8, 9, 10, 11 and 19 within fourteen (14) days from the date of this Order.

      **c.**    **Request for documents withheld under claim of attorney-client privilege**

At the September 28, 2011 Motion to Compel Hearing, both Plaintiff and Defendant Westchester agreed that the documents withheld pursuant to a clam of attorney-client privilege should be reviewed *in camera*. Accordingly, Defendant is ordered to send the documents to this Court for review, as well as a copy of the privilege log, as required by the local rules, within seven (7) days of the entry of this Order.

C.    <u>Decision</u>

Because Defendant failed to comply with the discovery rules with regard to requests for admission, interrogatories, and requests for production of documents, the Motion to Compel must be **<u>GRANTED</u>**. Defendant is to provide complete responses to all interrogatories, requests

for admission, and requests for production of documents as instructed in this Order within fourteen (14) days from the date of this Order. In addition, Defendant is ordered to respond by formal pleading to Request for Admission Number 39. Finally, Defendant is ordered to send the privileged documents and privilege log to this Court for review within seven (7) days of the entry of this Order.

If Plaintiff wishes to file a Motion for Sanctions, Plaintiff is directed to file an Affidavit of Attorney's Fees within fourteen (14) days from the date of this Order. Defendant is ordered to file any objections to the Motion for Sanctions within fourteen (14) days from the date of Plaintiff's filing. Both parties shall have the opportunity to be heard on this matter at a hearing set for November 17, 2011 at 10:00 a.m.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**

DATED: October 12, 2011

*James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE